**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-60498
SUMMARY CALENDAR

WILL I. GREGORY,

Petitioner,

VERSUS

INGALLS SHIPBUILDING, INC.; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order of the
Benefits Review Board
(98-6808)

September 5, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Will I. Gregory petitions for review of a final

order of the Benefits Review Board (BRB), affirming an

Administrative Law Judge's (ALJ) order denying benefits. In 1993,

Gregory was employed by Ingalls Shipbuildings, Inc., when he

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

slipped and injured his wrist. After having surgery, Gregory returned to work under light duty restrictions until May 10, 1995, when he was laid off. On July 17, 1995, he was released from all restrictions by his treating physician. Gregory was paid temporary total benefits for the period of May 10, 1995, through May 25, 1995, but was not paid for the period of May 25, 1995, to July 17, 1995. He made a claim for benefits, which was denied by an ALJ after a formal hearing. The Benefits Review Board affirmed the ALJ's order.

Gregory contends that the ALJ erred in relying on the testimony of a doctor who had examined him once and rejecting the testimony of his treating physician. However, "we are not free to reweigh the evidence or to make determinations of credibility.... The scope of our review is limited: 'We will only consider whether the BRB made any errors of law and whether the ALJ's findings of fact, in light of the entire record, are supported by substantial evidence.'" Sealand Terminals, Inc. v Gasparic, 7 F. 3d 321, 323 (5th Cir. 1993)(internal citations omitted). "As fact finder, the ALJ determines questions of credibility of witnesses and of conflicting evidence." Avondale Industries, Inc. v Director, Office of Workers' Compensation Programs, 977 F. 2d 186, 189 (5th Cir. 1992).

We conclude that the ALJ's findings are supported by substantial evidence and that the BRB did not make an error of law. The ALJ was entitled to accept the testimony of one board certified

physician over another that Gregory was able to return to work without restrictions on May 25, 1995. Furthermore, the evidence shows that even the treating physician noted that Gregory exaggerated his symptoms and used sub-maximal effort in a diagnostic test.

Accordingly, we AFFIRM the order of the Benefits Review Board.